IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02425-GPG

REGINALD L. SHUMPERT,

    Plaintiff,

v.

UNITED STATES OF AMERICA, Federal Bureau of Prisons,

    Defendant.

---

ORDER TO CURE FILING DEFICIENCY AND SHOW CAUSE

---

Plaintiff, Reginald L. Shumpert, is in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Shumpert initiated this action *pro se* on September 19, 2022, by filing a "Prisoner Complaint" (ECF No. 1)[1] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

**I. Order to Cure Filing Deficiency**

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that one of the submitted documents is deficient as described in this order. Mr. Shumpert will be directed to cure the following if he wishes to pursue any claims in this action. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

---

[1] "(ECF No. 1)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) \_\_\_     is not submitted
(2) \_\_\_     is missing affidavit
(3) <u>xx</u>     <u>is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing</u>
(4) \_\_\_     is missing certificate showing current balance in prison account
(5) \_\_\_     is missing required financial information
(6) \_\_\_     is missing authorization to calculate and disburse filing fee payments
(7) \_\_\_     is missing an original signature by the prisoner
(8) \_\_\_     is not on proper form (must use the court's current form)
(9) \_\_\_     names in caption do not match names in caption of complaint, petition or habeas application
(10) <u>xx</u>     other: <u>Mr. Shumpert may pay the $402.00 filing fee instead of submitting a properly supported § 1915 motion and affidavit.</u>

## II.  Order to Show Cause

Mr. Shumpert is subject to filing restrictions under 28 U.S.C. § 1915(g).

Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court may take judicial notice of its own records and the records of other courts in determining whether Plaintiff has three or more prior dismissals that count as strikes for the purposes of § 1915(g). *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). Furthermore, the Court may count actions dismissed prior to the enactment of § 1915(g) and the Prison Litigation Reform Act in applying § 1915(g). *Id.* at 420.

Plaintiff has initiated more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous,

malicious, or for failure to state a claim. As explained by the U.S. District Court for the Western District of Texas:

> While incarcerated, Shumpert has, in the past, filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim. *See Shumpert v. Gaunt*, No. 16-50632 (5th Cir. May 2, 2017) (dismissing appeal as frivolous); *Shumpert v. Gaunt*, 6:16-CV-00101 (W.D. Tex. May 16, 2016) (dismissing as frivolous); and *Shumpert v. Roach*, 4:00-CV-01114 (S.D. Tex. Aug. 20, 2001) (dismissing as frivolous. Therefore, Shumpert may not file another civil action *in forma pauperis*, while incarcerated unless Shumpert is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Shumpert v. The State of Texas,* No. 6:17-cv-00352-RP (W.D. Tex. Dec. 19, 2017) (dismissing action pursuant to § 1915(g)). Mr. Shumpert was notified in three prior cases filed in this court that he is subject to filing restrictions under § 1915(g). *See Reginald L. Shumpert v. Vigil, et al.,* No. 21-cv-03228-LTB-GPG, Order to Show Cause, at ECF No. 7; *Reginald L. Shumpert v. Vigil, et al.*, No. 19-cv-02442-LTB, Order to Show Cause, at ECF No. 15; *Reginald L. Shumpert v. No Named Defendants,* No. 20-cv-03592-LTB, Order to Show Cause, at ECF No. 3.

"There is only one exception to the prepayment requirement in § 1915(g)." *Hafed v. Fed. Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir. 2011). A prisoner litigant with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of serious physical harm." *Id.* at 1179-80. Vague and conclusory assertions of harm will not satisfy the imminent danger requirement of § 1915(g). *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). Allegations of past injury or harm also are not sufficient. *See Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008). "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must

3

have alleged an imminent danger at the time he filed his complaint." *Hafed*, 635 F.3d at 1179-80 (collecting cases).

Construing the allegations of the Prisoner Complaint and the § 1915 motion liberally and together, Mr. Shumpert alleges that he is working in a hazardous and unsafe environment. He asserts that he is in imminent danger of serious physical injury because the wet bottoms of "food service cook kettle[s]" are exposed to live wires. (ECF No. 1 at 4; ECF No. 3 at 2).

The Court finds that Mr. Shumpert's vague and conclusory allegations do not demonstrate an imminent danger of serious physical injury justifying waiver of prepayment of the filing fee. *See Fuller*, 288 F. App'x at 511 ("To determine whether [petitioner] is 'under imminent danger of serious physical injury,' we look to the allegations in his complaint . . . [which] must therefore contain 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"). Plaintiff is warned that in the absence of specific and credible factual allegations that demonstrate he is in imminent danger of serious physical injury with respect to the claims he is asserting, he may not proceed *in forma pauperis*. Plaintiff will be ordered to show cause why he should not be denied leave to proceed *in forma pauperis* because he is subject to the filing restriction in 28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that **within thirty (30) days from the date of this Order**, Plaintiff shall file a certified copy of his inmate account statement for the six months preceding his filing or pay the $402.00 filing fee. It is

FURTHER ORDERED that if Plaintiff intends to proceed in this action pursuant to

28 U.S.C. § 1915, he must also show cause, in writing, **within thirty (30) days from the date of this Order**, why he should not be denied leave to proceed *in forma pauperis* because he is subject to the filing restriction in 28 U.S.C. § 1915(g). It is

FURTHER ORDERED that if Plaintiff fails to cure the filing deficiency within the time allowed, this action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that, if Plaintiff fails to show cause as directed above within the time allowed, he will be denied leave to proceed *in forma pauperis*.

DATED September 21, 2022.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge